UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLOMBIA

**FILED**

JAN 2 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Sudad Kunaish
2361 Hunters Square CT
Reston VA 20191
(703) 677-6259 Cell
(703) 537-8997 Home

**Plaintiff,**

v.

~~DEPARTMENT OF THE ARMY~~
~~Agency:~~
Pete Geren,
Secretary,
Department of the Army,

Case: 1:08-cv-00131
Assigned To : Lamberth, Royce C.
Assign. Date : 1/23/2008
Description: Employ. Discrim.



**Defendant**

## COMPLAINT

1. This action is brought under Title VII of Civil Rights act of 1972  Plaintiff alleges that she was discriminated against because of her national of origin (Syrian descendent) and was subject to retaliation (prior EEO activity, and prior reporting of fraud waste and abuse to the Inspector General) when she was harassed and removed from her assigned duties , she was given an unlawful notice of removal, unlawfully accused of defrauding the government (she was exonerated from all charges 3 months later) , and she was singled out and excluded for position openings referral. When all attempt to get rid of her failed she was given an unlawful reduction in force notice and ultimately removed from her position as Engineer Technician with the Agency in May 2006

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-16.

RECEIVED
NOV 3 0 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

3. Venue in this district is appropriate under 28 U.S.C §1391(6) because the defendant resides in the district of Colombia.

4. Plaintiff has exhausted all required administrative procedures for pursuing her complaint of discrimination and retaliation. Find decision of the EEOC Office of Federal Operation is attached Dated Oct 29, 2007.

## PARTIES

5. Plaintiff, Sudad Kunaish is an American female who resides in northern Virginia. Defendant is the United States Organization of the Army.

## FACTS

6. The plaintiff, Ms. Kunaish, is a woman of Syrian national origin. She has a Bachelor's Degree in Architectural Engineering.

7. On August 4, 2000 Ms. Kunaish was hired by the defendant, Department of the Army to work overseas in Eskan Village, Saudi Arabia.

8. In December 2001 Ms. Kunaish began working with the Director of Public Works at Eskan Village. In October. Her job was to perform quality assurance of the contracts, Base Operation Support (BOS) contract respectively. The job required her to oversee and report to her immediate supervisor the performance of the BOS contractors. The BOS contract (U.S. Funded) design to cover areas not covered in the AIK Assistant in Kind (Not U.S. funded) Contract. Plaintiff realized a big issue in the tow contract.

9. Around 5 July Ms Kunaish reported to her supervisor about the Boss Contract and the AIK contract double billing contractor issue (both contract awarded to the same contractor).

10. On July 22, 2003 the US Department of Defense decided to withdraw Army command from Saudi Arabia. All Army Central Command in Saudi Arabia (ARCENT-SA) civilian employees received RIF Reduction in Force notices. However, the RIF notices were rescinded around December 2003. Management decided to retain the ARCENT-SA employee as Base Support Detachment (BSD group) under ARCENT-SA Qatar command. This group was composed of about 18 positions. Later management decided to merge the BSD under the command of USMTM United States Military Training Mission. Merge was to take several phases before the final merge that was planed to take effect in Oct 2005.

11. From Oct 2004 to Oct 2005 ARCENT-SA (Army Central Command) began a process of merging with USMTM (United States Military Training Mission). USMTM now was placed in charge of the BOS and AIK contracts. During this transition from October 2004 to June 2005, Ms. Kunaish's immediate supervisor was Director of ARCENT-SA Public Works Major Marty Norvel (Army, ARCENT-SA). From Jun 2005 to Oct 2005 her immediate supervisor was Captain Logan Jack (Army, ARCENT-SA). Captain Jack's immediate supervisor was USMTM Director of Public Works Major John Bailey (Army, USMTM).

12. From June 2004 to June 2005 ARCENT-SA head quarter commander was LTC Jeffry Corbett. in Aug 2004 LTC Corbett attempted to get rid of Ms. Kunaish by ordering ARCENT-SA personnel Officer Mr. Carl Hebert pointing his index finger at him and ordering him:" Get rid of her"

13. In October 2004, USMTM tried to exclude Ms. Kunaish from the transfer of ARCENT-SA employees to USMTM. The Army singled plaintiff out and issued only her earlier RIF notice in October 2004 claiming it had abolished her position because of the transfer. However, the Army still had a need for her position and could find no one to replace her. As a result, the Army rescinded the RIF. ARCENT-SA Civilians and military were paid by ARCENT and assigned to USMTM. The merger of ARCENT-SA and USMTM was never completed; and was completely canceled later in August 2005. Ms. Kunaish and all ARCENT-SA civilians and military returned to the ARCENT-SA employment (assigned to ARCENT-SA, and paid by ARCENT).

14. In Dec 2004, Ms. Kunaish filed a complaint with the Inspector General that assigned to Eskan Village for the army depriving her from selection for another position and excluding her form referral to selecting officials for a position of the secretary of the base General

15. Ms. Kunaish discussed her complaints of discrimination and waste and abuse that she filed with the IG's office with ARCENT-SA Chief of Staff Col. Richard McEvoy in two separate occasions. In addition, she discussed her complaint with many ARCENT officials, almost to all of her chain of command.

16. In March 2005 Ms. Kunaish filed second compliant with the hot line IG fraud waste and abuse the of the additional allegations that the BOS and the

AIK contracts were duplicative. The contractor was double billing the government for $ 2.5 millions per year for services not provided.

17. Later in April 2005, dissatisfied with the progress of her first IG complaint, Ms. Kunaish refilled the complaint with the DOD Hot Line Fraud Waste and Abuse. The first hot line complaint concerned about the two contracts overlapping of $2.5 millions per year, the second complaint about the same contract (filed in Aug 2005) concerned about the same contract but service not provided still the contractor paid in full. (the same Contractor for both contracts BOS and AIK )

18. In April her supervisor Maj Norvel attempt to get rid of plaintiff by making falls allegations. In July 2005 the ASG-Qatar ARCENT-SA Commander ordered the agency to withdraw all charges regarding the proposed removal and ordered the agency to reinstate Ms. Kunaish in good standing and to correct any records inconsistent with that result. The agency exonerated Ms. Kunaish from all allegations.

19. Aug 2005 CENTCOM Army Central Command ordered ARCENT-SA to transfer authority to the Air Force and completely deleted the USMTM transfer. The USMTM transfer was deleted before it reached it final phase and was reversed. All funds and employees was reversed and retuned to ARCENT-SA to be transferred to the Air Force in a new arrangement.

20. Aug 2005, knowing the Air Force is taking over Eskan Village authority, the Agency sought to get rid of Ms. Kunaish by replacing her with a military replacement. The method it chose or doing so was to refuse to

renew her overseas authorization. As a result, Ms. Kunaish was ordered to enroll in PPP Priority Placement Program.

21. Based on the Department of Defense, Aug 2005 decision to cancel the transfer of authority to USMTM and decided to transfer the authority of ARCENT-SA to the Air Force. ARCENT-SA began arranging the transfer of all ARCENT-SA "BSD" civilians to the Air Force. In late October of that year, the Air Force designated a team lead by Lt. Col. O'Neal to visit to make a decision regarding which positions the Air Force would eventually assume at Eskan Village.

22. Initially, O'Neal decided to establish a designated Air Force civilian position equivalent to the current each ARCENT-SA civilian's positions. In order the Air force to take advantage of there knowledge and seniority.

23. In an attempt to get rid of Ms. Kunaish the army misinformed Lt. Col O'Neal (Air Force) that Kunaish is not interested in continuing her stay in SA and there is no need to create a position for her. Lt. Col O'Neill deleted Kunaish's position accordingly. In late Oct 2005 Kunaish informed Lt. Col O'Neill about her great interest in staying in SA. In Nov 2005 reversed his action and started the process in establishing a designated civilian Engineering Technician similar to Ms. Kunaish. In fact, in November 26, 2005 O'Neal specifically informed Ms. Kunaish that the decision had been made to request an authorization for her position and to renew her overseas authorization for two more years.

24. The Army then refusing O'Neal decision claimed that Ms. Kunaish's overseas authorization could not be extended ant had expired and she can't be picked up by the Air Force. in addition ,The Army officers Col Halbestand and Lt. Col Blackwell denying the transfer of Ms. Kunaish claiming Ms. Kunaish had reached her 5 years limit for overseas duty. However Ms. Kunaish corrected this information she proved that she still have 2 years for she reaches the 5 years limit.

25. Ms. Kunaish reviewed her engineering technician job description with O'Neal and Col. Jay Carlson. Carlson informed her several times he was in the process of transfer of her functions to civilian position with the Air Force.

26. Nov 2005 Col O'Neil was assignment transferred to Qatar. And Col Carlson took over responsibility of forming the foot print of the Air Force. 1 Jan 2006 official ceremony was held to transfer authority and Col Carlson becomes officially Eskan Village security commander. Maj. General Larry Twitchell remains the Eskan Village Base Commander

27. On January 1, 2006 the Air Force officially took over authority in Eskan Village of all BSD civilians and military. Their salaries were paid by ARCENT-SA and they were supervised by the Air Force including plaintiff.

28. During January and February 2006 Ms. Kunaish again had discussions with her Air Force Commander, Col. Carlson, about retaining her position. Carlson kept telling Ms. Kunaish that she was staying, but that there was an administrative problem with the Army and that the Air Force was working

on getting over it and is going to request and extension from the army to gain some time to solve the problem.

29. During this time and up to the date of this compliant all other ARCENT-SA "BSD" civilians were still at Eskan assigned to the Air Force. Like Ms. Kunaish, these civilians were paid by ARCENT-SA and assigned to the Air Force.

30. On 4 March 2006 the Army singled Ms. Kunaish out and provided Ms. Kunaish with unlawful a notice of RIF (Reduction in Force). On April 15, 2006 Ms. Kunaish requested a meeting with Col. Carlson to request an extension of her RIF because of very pressing medical and family issues. Ms. Kunaish was not allowed to see him until April 24. Col Carlson (Air Force) approved the extension, but it was disapproved by Col. McEvoy, ARCENT-SA Chief of Staff. Accordingly, Ms. Kunaish was separated form her job and from federal service ESKAN on May 7, 2006.

23. The Agency has offered no credible explanation for treating other ARCENT-SA civilian employees differently than plaintiff by assigning ARCENT-SA civilian employee except for plaintiff to work for the Air Force and keep them financially on ARCENT-SA so they can maintain their position in Saudi Arabia Eskan Village. The defendant excluded plaintive and removed her from her position based on the unlawful excuse of reduction in force excuse.

24. The defendant had conducted several attempts to get rid of complaint, threatened her, harassed her, singled her out, and made false allegations concerning her.

25. The defendant motivated by race discrimination and retaliation because of Plaintiff's prior EEO, hotline and the Army Inspector General activities and fraud, waste and abuse repots in issuing her an unacceptable rating, in making falls allegations and in harassing her and in finally issuing her a reduction in force decision in getting rid of her. And in removing her from her position.

26. Plaintiff has exhausted all her administrative remedies. When final decision on plaintiff's appeal, the MSPB Merit System Protection Board advised Plaintiff that she had the right to bring an action in District Court. Plaintiff received that notice on Nov 3, 2007

### CLAIMS

I. DEFENDANT DISCRIMINATED AGAINST PLAINTIFF ON THE BASIS OF HER NATION ORIGIN.

II. DEFENDANT RETAILED AGAINST PLAINTIFF BECAUSE SHE FILED REPORTS CONCERNING WASTE FRAUD AND ABUSE AND BECAUSE SHE FIELDS AND EEO COMPLAINT.

### REMEDY REQUESTED

WHEREFORE, Plaintiff seeks the following relief from this court:

1. Direct the Agency to reinstate Plaintiff back in her position in Eskan Village

SA

2. Direct that Plaintiff be made whole for all losses, including back pay with interest, that she suffered because of the discriminatory and retaliatory action against her;

3. Direct that the Plaintiff pay for compensatory damages relating to pain, suffering, humiliation and inconvenience caused by the Agency's discrimination/retaliation against Plaintiff;

5. Direct that Plaintiff be reimbursed for all costs and expenses incurred in bringing this action to secure her rights, including the award of all attorney's fees.

6. Direct such other relief as the Court deems right and appropriate.

## REQUEST FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues to which Plaintiff is entitled to a jury trial under law.

Respectfully submitted,
FOR THE PLAINTIFF

By _____

Sudad Kunaish
2361 Hunters Square CT
Reston VA 20191
Tel. 703-677-6259
Fax 703-752-2776
Email sandykk@gmail.com



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Sudad Kunaish,
Petitioner,

v.

Pete Geren,
Secretary,
Department of the Army,
Agency.

Petition No. 0320080002

MSPB No. DC0351060610I1

DECISION

Petitioner filed a timely petition with the Equal Employment Opportunity Commission asking for review of a Final Order issued by the Merit Systems Protection Board (MSPB) concerning her claim of discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

Petitioner alleged that she was discriminated against on the bases of national origin (Syrian) and reprisal for prior protected EEO activity under Title VII of the Civil Rights Act of 1964 when she was separated from her position of Engineering Technician, GS-7, due to a reduction in force (RIF).

A hearing was held and thereafter an MSPB Administrative Judge (AJ) issued an initial decision finding that the agency invoked the RIF regulations for a valid reason and that petitioner did not prove her claims of national origin or reprisal discrimination. Petitioner sought review by the full Board which denied her request. Petitioner then filed the instant petition.

EEOC Regulations provide that the Commission has jurisdiction over mixed case appeals on which the MSPB has issued a decision that makes determinations on allegations of discrimination. 29 C.F.R. § 1614.303 et seq. The Commission must determine whether the decision of the MSPB with respect to the allegation of discrimination constitutes a correct interpretation of any applicable law, rule, regulation or policy directive, and is supported by the evidence in the record as a whole. 29 C.F.R. § 1614.305(c).

08 0131
FILED
JAN 2 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2                                                                   0320080002

Based upon a thorough review of the record, it is the decision of the Commission to concur with the final decision of the MSPB finding no discrimination. The Commission finds that the MSPB's decision constitutes a correct interpretation of the laws, rules, regulations, and policies governing this matter and is supported by the evidence in the record as a whole.

### PETITIONER'S RIGHT TO FILE A CIVIL ACTION (W0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, within thirty (30) calendar days of the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*
_____
Carlton M. Hadden, Director
Office of Federal Operations

OCT 2 9 2007
_____
Date

3                                                                      0320080002

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

Sudad Kunaish
8916 Brook Rd
Mclean, VA 22102

Jonathan L. Gould, ESQ
Kestell & Associates
1012 14th St, NW, Suite 630
Washington, DC 20005

Spurgeon A. Moore, Director
EEO Compliance & Complaints Review
Department of the Army
1901 South Bell Street
Crystal Mall 4, Suite 109B
Arlington, VA 22202-4508

Merit Systems Protection Board
Director, EEO
1615 M St., NW
Washington, DC 20419

OCT 2 9 2007
_____
Date

_____
Equal Opportunity Assistant

AO 240 (Rev. 10/03)

# UNITED STATES DISTRICT COURT

I_____    District of    COLUMNBIA_____

Sudad Kunaish
Plaintiff

V.

Pete Geren
Department of the Army
Defendant

**APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF
FEES AND AFFIDAVIT**

Leave to file DENIED
[signature]
CASE NUMBER:
United States District Judge
Date: 12/28/07

I, Sudad Kunaish_____ declare that I am the (check appropriate box)

☒ petitioner/plaintiff/movant    ☐ other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently incarcerated?    ☐ Yes    ☒ No    (If "No," go to Part 2)

   If "Yes," state the place of your incarceration _____

   Are you employed at the institution? _____ Do you receive any payment from the institution? _____

   Attach a ledger sheet from the institution(s) of your incarceration showing at least the past six months' transactions.

2. Are you currently employed?    ☒ Yes    ☐ No

   a. If the answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer. (List both gross and net salary.)
   $1109 per pay period every Two weeks   Gross Pay $1764
   U.S Army Corp of Engineers - District Baltimore, 10 South Howard Street  Baltimore, MD 2120

   b. If the answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3. In the past 12 twelve months have you received any money from any of the following sources?

   a. Business, profession or other self-employment    ☐ Yes    ☒ No
   b. Rent payments, interest or dividends              ☒ Yes    ☐ No
   c. Pensions, annuities or life insurance payments    ☐ Yes    ☒ No
   d. Disability or workers compensation payments       ☐ Yes    ☒ No
   e. Gifts or inheritances                             ☐ Yes    ☒ No
   f. Any other sources                                 ☐ Yes    ☒ No

   RECEIVED
   NOV 3 0 2007
   NANCY MAYER WHITTINGTON, CLERK
   U.S. DISTRICT COURT

   If the answer to any of the above is "Yes," describe on the following page, each source of money and state the amount received and what you expect you will continue to receive.

one Time $9000 Rent Ended Oct 2007

4. Do you have **any** cash or checking or savings accounts?   ☒ Yes   ☐ No

   If "Yes," state the total amount.  $69.00

5. Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value?   ☐ Yes   ☒ No

   If "Yes," describe the property and state its value.

6. List the persons who are dependent on you for support, state your relationship to each person and indicate how much you contribute to their support. (If children are dependents, please refer to them by their initials)

   R.K   Son   50%
   S.K   Son   80%
   A.K   Son   80%

I declare under penalty of perjury that the above information is true and correct.

Nov 30, 2007
_____                    _____
      Date                              Signature of Applicant

**NOTICE TO PRISONER:** A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit stating all assets. In addition, a prisoner must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.

CO 217B2
Rev. 3/06
FPI-SST

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_Sudad Kunaish_
Plaintiff(s)

vs.                                    Civil Action No. _____

_Pete Green, Dept. of the Army_
Defendant(s)

Dear: _Mr. Kunaish_ :

In the above entitled case, please be advised that on _12/28/07_ Judge _Walton_ endorsed thereon as follows:

**"Leave to file is DENIED."**

As a result of the Judge's ruling, your document has not been filed with our Court and a copy is being returned to you at this time. Thank you.

NANCY MAYER-WHITTINGTON, CLERK

By: _____
Deputy Clerk

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

H 08-131
RCL

## I (a) PLAINTIFFS

Ms Sudad Kunaish

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Fairfax** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Pete Geren

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **D.C**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

2361 Hunters Square Ct Reston VA 20191
(703) 677 6259 cell

Case: 1:08-cv-00131
Assigned To : Lamberth, Royce C.
Assign. Date : 1/23/2008
Description: Employ. Discrim.

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZEN
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

③

| ☐ G. *Habeas Corpus/ 2255* | ☒ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII of the Civil Rights L2 USC 2006 act of 1972

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☒ ACTION UNDER F.R.C.P. 23  DEMAND $  Check YES only if demanded in complaint JURY DEMAND ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** N.F. (See instruction) ☐ YES ☒ NO If yes, please complete related case form.

DATE Jan 23 2008  SIGNATURE OF ATTORNEY OF RECORD

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

:\forms\js-44.wpd

