### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

SUDAD KUNAISH,

    Plaintiff,

v.

PETE GEREN,
Secretary of the Army

    Defendant.

Civil Action No. 08-0131 (RCL)

## **DEFENDANT'S MOTION TO DISMISS**

Defendant, through the undersigned counsel, respectfully moves to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. In support of this Motion, Defendant respectfully submits the attached memorandum of points and authorities, and a proposed order.[1]

Respectfully submitted,

/s_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

/s_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s_____
BRIAN C. BALDRATE

---

[1] Plaintiff, pro se, is hereby advised that failure to respond to a dispositive motion may result in the district court granting the motion and dismissing the case. See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff should further take notice that any factual assertions contained in the affidavits and other attachments in support of Defendants' motion may be accepted by the Court as true unless Plaintiff submits her own affidavits or other documentary evidence contradicting the assertions in Defendants' attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h), and Fed. R. Civ. P. 56(e).

Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUDAD KUNAISH,<br><br>    Plaintiff,<br><br>    v.<br><br>PETE GEREN,<br>Secretary of the Army<br><br>    Defendant. | Civil Action No. 08-0131 (RCL) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**I. INTRODUCTION**

The Plaintiff, Ms. Sudad Kunaish, *pro se*, filed the instant Complaint alleging that the United States Army abolished her position through a Reduction in Force (RIF) based on her national origin (Syrian), and her prior protected activity in violation of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Compl. at 1, ¶ 1.) Plaintiff, however, failed to file her civil action within the applicable thirty-day statute of limitations period, thus warranting dismissal of her Complaint under Fed. R. Civ. P. 12(b)(6).[1]

**II. UNDISPUTED MATERIAL FACTS**

1. This civil action involves a "mixed case appeal" from a decision of the Merit Systems Protection Board (MSPB) which found no discrimination or retaliation in the

---

[1] Plaintiff's failure to timely file her Complaint bars all of her claims. Therefore, in the interests of judicial economy, this Motion addresses only this critical gateway issue. However, should the Court deny this Motion, the Defendant anticipates seeking leave to file a more comprehensive pre-answer motion seeking dismissal of part, if not all, of the Complaint on various alternate grounds.

challenged RIF.  (Plaintiff's Ex. 1 at 1-2.)2

2.  A MSPB Administrative Judge (AJ) heard Plaintiff's allegations and issued an Initial Decision finding that the Army invoked the RIF regulations for valid reasons, and that Plaintiff did not prove her claims of national origin discrimination or reprisal.  (Id.).

3.  Plaintiff sought review of the AJ's Initial Decision by the full Board, which concurred with the AJ, and denied her requested relief. (Id.)

4.  Plaintiff then filed a petition with the Equal Employment Opportunity Commission (EEOC) seeking review of the MSPB's Final Order.  In a decision dated October 29, 2007, the EEOC concurred with the MSPB's Final Order finding no discrimination.  (Id.). The EEOC decision also explained to Plaintiff that she could file a civil action in Federal District Court within 30 days of receiving the decision.  (Id.). See also 5 U.S.C. § 7702(b)(5)(A) and 29 C.F.R. § 1614.310(d) (establishing the 30-day limitation period from receipt of the EEOC decision).

5.  Plaintiff acknowledges within her Complaint that she received the EEOC Decision on November 3, 2007. (Compl. at  9, ¶ 26).

6.  Plaintiff presented a copy of her Complaint to the Clerk of the District Court for the District of Columbia on November 30, 2007. She did not pay the court filing fee at that time. (Id., at 1 [Clerk's stamp at the bottom left of the page indicating receipt on November 30, 2007]).

7.  On that same day, Plaintiff filed an Application to Proceed *In Forma Pauperis* (IFP)

---

2  Plaintiff attaches two documents to her Complaint, the EEOC decision and her IFP application. For ease of reference Defendant refers to these documents as Plaintiff's Exhibit 1 and Plaintiff's Exhibit 2 respectively.

with the Clerk of Court. (Plaintiff's Ex. 2 at 1 [Clerk's stamp indicating receipt of the IFP Application on November 30, 2007].)

    8. The Court denied Plaintiff's IFP application on December 28, 2007. (Id. at 3.)

    9. On January 23, 2008, Plaintiff resubmitted her civil action to the Clerk of Court along with the requisite filing fee. (Compl. at 1 [Clerk's stamp at the top right of the page indicating filing on January 23, 2008].)

### III.  ARGUMENT

This Court should dismiss Plaintiff's Complaint based on her failure to file a timely complaint. This civil action is based on a mixed case appeal from an MSPB decision finding no discrimination or retaliation in a RIF which resulted in Plaintiff losing her position. In mixed case appeals where the EEOC concurs with the MSPB's Final Order, 5 U.S.C. § 7702(b)(5)(A) grants the aggrieved employee a 30-day statute of limitations period for filing a civil action from the date the aggrieved person receives the EEOC's Decision.

The Clerk of the Court will not accept a complaint for filing that is not accompanied by a filing fee until the Court has granted a petition for leave to proceed *in forma pauperis*. El v. Beldon, 360 F.Supp. 2d 90, 92 (D.D.C. 2004); see also Hornes v. Exec. Office for United States Attys., 2006 U.S. Dist. LEXIS 69417. The 30 day statute of limitations is tolled during the time between the Clerk's receipt of the IFP application and the Court's ruling on that application. See Washington v. White, 231 F.Supp. 2d 71, 75 (D.D.C. 2002); Guillen v. National Grange, 955 F.Supp. 144, 145 (D.D.C. 1997) (tolling 90-day limitations period upon presentation of complaint accompanied by petition to proceed *in forma pauperis*). After the IFP issue is resolved, the limitations period resumes running from the point when the IFP

application was denied.  See Baker v. Henderson, 150 F.Supp. 2d. 17, 21 (D.D.C. 2001); McCall v. United States Marshals Service, 36 F. Supp. 2d 3, 5 (D.D.C. 1995).

Plaintiff acknowledges that she received the EEOC's Decision on November 3, 2007. (Document No. 1, p. 9, ¶ 26.)  Plaintiff presented her IFP application along with a copy of her Complaint on November 30, 2007, which was the 27th day of the 30-day limitation period under Fed. R. Civ. P. 6(a).  From November 30, 2007, until the Court denied Plaintiff's IFP application on December 28, 2007, the limitation period was tolled.

The Court may properly presume that Plaintiff received notice of the IFP decision 'soon' after the decision was issued on December 28, 2007.  Mincer v. Whitmore, 2003 U.S. App. LEXIS 14480, (D.C. Cir., 2003) (unpublished) (Plaintiff presumed to receive notice of EEOC decision granting right to file in district court "soon" after it was mailed).  In a similar context, courts within this circuit routinely presume that notice of an administrative decision is received three days after it is dispatched by regular mail. See Colbert v. Potter, 2005 U.S. Dist. Lexis 35422 (D.D.C.), citing Powell v. Wash. Metro. Area Transit Auth., 238 F. Supp. 2d 160, 163 (D.D.C. 2002).  Applying this standard, Plaintiff was required to file her Complaint with the requisite filing fee no later than Thursday, January 4, 2008.[3]  However, Plaintiff did not file the Complaint until January 23, 2008, nearly three weeks outside the statute of limitations.

## IV.  CONCLUSION

Plaintiff's failure to file her Complaint within the requisite statute of limitations period warrants dismissal of this action under Fed. R. Civ. P. 12(b)(6).

---

[3] This date was determined based on the limitations period being tolled three days from when the IFP Decision was issued, with January 2-4 constituting the three remaining days of the original 30-day limitations period, excluding the federal holiday on January 1, 2008.

4

Respectfully submitted,

      /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

      /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

      /s/
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895
Attorneys for Defendants

Of Counsel:
R. Brian Bohlen
U.S. Army Litigation Division
Arlington, VA

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on _____, I served a copy of the foregoing

Motion to Dismiss and supporting Memorandum of Law, by first class mail, postage pre-paid,

on the following:

**SUDAD KUNAISH**
**2361 Hunters Square Ct.**
**Reston, Virginia  29191**


           _____/s/_____
           BRIAN C. BALDRATE
           Special Assistant United States Attorney
           Civil Division
           555 Fourth St., N.W.
           Washington, D.C. 20530
           202-353-9895

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SUDAD KUNAISH,

    Plaintiff,

    v.

PETE GEREN,
Secretary of the Army

    Defendant.

Civil Action No. 08-0131 (RCL)

## ORDER

    Upon consideration of Defendant's Motion to Dismiss, Plaintiff's Opposition, and the entire record of this case, it is hereby

    **ORDERED** that Defendant's Motion to Dismiss is **GRANTED**

Dated this _____ day of _____, 2008.

_____
Royce C. Lamberth
United States District Judge

Copies to:
Counsel for Defendant via ECF and to Plaintiff via First Class Mail