IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SUDAD KUNAISH,<br><br>    Plaintiff,<br><br>v.<br><br>PETE GEREN,<br>Secretary of the Army<br><br>    Defendant. | Civil Action No. 08-0131 (RCL) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

**I.  INTRODUCTION**

The Plaintiff, Ms. Sudad Kunaish, filed this Complaint alleging that the United States Army abolished her position through a Reduction in Force (RIF) based on her national origin (Syrian), and protected activity in violation of the Civil Rights Act of 1964 (ATitle VII@), 42 U.S.C. ' 2000e *et seq.* (Compl. at 1, & 1.)  On April 22, 2008, Defendant filed a Motion to Dismiss the Complaint because Plaintiff failed to file her civil action within the applicable period mandated by the statute of limitations. (Defendant's Motion, R. # 4.)  Plaintiff filed her Opposition to this Motion on May 6, 2008. (Plaintiff's Opp., R. # 6.)

Plaintiff's Opposition to the Army's Motion to Dismiss does not dispute that her claims were subject to a 30-day limitations period, nor does it challenge any fact identified within Defendant's motion.  Instead, Plaintiff argues that the cases cited by Defendant do not apply to her situation because none of them "show any time limits on paying the court fees after the complaint is received by the court clerk." (Plaintiff's

Opp. at 1.) Plaintiff does not provide legal authority for this statement, and instead attempts to support it by stating that two members of the Clerk's office told her there was no time limit on paying court fees. (Id.)

Plaintiff's claims are contrary to legal authority of this Court, and not supported by admissible evidence. To the extent the Court construes Plaintiff's claims as a request for equitable tolling, Plaintiff fails to demonstrate an adequate basis for equitable relief.

## II.  ARGUMENT

### A.  As a Matter of Law in this Circuit, a Complaint is Not Deemed Filed Until the Requisite Filing Fee is Paid or an In Forma Pauperis Application is Granted.

Part III of Defendant's Motion to Dismiss explained with appropriate case citations that, under the law of this Circuit, the Clerk will not accept a complaint for filing that is not **accompanied** by a filing fee until the Court has granted a petition for leave to proceed *in forma pauperis* (**IFP**). The time between the Clerk's receipt of the IFP application and the Court's ruling on that application is tolled for purposes of the statute of limitations. However, when an IFP application is denied, the limitations period resumes running from the point when the IFP application was denied. (See Defendant's Motion at Part III for case citations and further discussion).

Plaintiff failed to present any legal authority that her complaint was 'filed' for purposes of the limitations period when she submitted a copy of the Complaint and IFP application to the Court clerk. As the cases cited within Defendant's brief explain,

2

the limitations period was merely tolled while the IFP application was under review, and it resumed running when the IFP application was denied.

Plaintiff does not dispute the applicable timeline in this case. Plaintiff received the EEOC's Decision granting her a right to file in Federal Court on November 3, 2007. (Compl. at 9, & 26.) She then presented her IFP application to the Clerk of Court along with a copy of her Complaint on November 30, 2007. The limitations period was tolled between November 30, 2007, and December 28, 2007, when the court denied her IFP application. (R. # 1, Plaintiff's Ex. 2.) Plaintiff does not dispute that she received prompt notice of this judicial decision. The notice itself (which the Plaintiff attached to her Complaint) states that "as a result of the Judge's ruling, your document has not been filed with our Court and a copy is being returned to you at this time." (Id.) From receipt of the IFP denial notice, Plaintiff had three days remaining within the statute of limitations to present a copy of her complaint and pay the filing fee. She did not meet this deadline, and instead filed approximately three weeks late.

### B. Plaintiff's Assertion that Court Personnel Informed Her There was No Time Limit for Her to Pay the Court's Filing Fee Does Not Warrant Equitable Tolling of the Limitations Period.

Plaintiff asserts that two unnamed members of the Clerk's office told her at some point that there was no time limit for paying the Court's filing fee. (Plaintiff's Opp. at 1.) To the extent this could be construed as raising a request for equitable tolling of the limitations period, Plaintiff cannot show necessary elements for such relief.

1. **Equitable Tolling Legal Standard.**

The 90-day requirement for filing a civil action is subject to waiver, estoppel, and equitable tolling. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982). The "hurdle" for equitable tolling, however, is high. Communications Vending Corp. of Arizona, Inc. v. F.C.C., 365 F.3d 1064, 1075 (D.C. Cir. 2004) (citation omitted). This circuit has "excused parties, particularly those acting pro se, who make diligent but technically defective efforts to act within a limitations period, . . . . who were misled about the running of a limitations period, whether by an adversary's actions, . . . by a government official's advice upon which they reasonably relied, . . . or by inaccurate or ineffective notice from a government agency required to provide notice of the limitations period," or "when complainants neither knew nor had reason to know about the limit." Bowden v. U.S., 106 F.3d 433, 438 (D.C. Cir. 1997) (citations omitted). However, to prevail on an **equitable tolling** claim, a plaintiff must show that "[s]he has been pursuing h[er] rights diligently, and . . . that some extraordinary circumstance stood in h[er] way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). This Circuit has held that, "[t]he court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances." Mondy v. Secretary of the Army, 845 F.2d 1051, 1057 (D.C. Cir. 1988).

2. **Even if Plaintiff's Allegations Regarding Comments by the Clerk's Administrative Staff Were True The Time for Filing Her Complaint Should Not be Tolled.**

Plaintiff alleges in her Opposition that she was told by unknown members

4

of the Clerk's office at an undisclosed time that there were no time limits for paying the Court's filing fees. She provided no affidavits or any other evidence in support of this assertion. Apparently, Plaintiff construed these alleged comments to mean that she could pay the Court's filing fee and file her Complaint whenever she wanted without regard to the statute of limitations period. For purposes of the pending motion, the Court need not accept as true that the alleged comments occurred, nor accept Plaintiff's interpretation of them.[1]

Even assuming, *arguendo*, that individuals within the Clerk's office at some point told Plaintiff that there was no time limit for paying the filing fee, her interpretation of these comments as bearing upon the statute of limitations was unreasonable under the circumstances. The most reasonable interpretation of such comments is simply that the fee would be accepted and processed by the Clerk's office whenever it was paid. This interpretation has the advantages of being both true, and well within the expertise and scope of duties for administrative staff within the Clerk's office.

Plaintiff's interpretation of the alleged Clerk's office personnel comments is inconsistent with the written notice the Clerk's office dispatched to Plaintiff on December 28, 2007, regarding the status of her civil action, and which Plaintiff

---

[1] On a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the allegations and facts in the complaint in the light most favorable to plaintiff and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged therein. Legesse v. Rite Aid Corp., 2007 U.S. Dist. LEXIS 29582, *3 (D.D.C. Apr. 23, 2007). However, no such duty exists for asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. Id. at *3-4.

5

attached to her Complaint. (R. #1, Plaintiff's Ex. 2 at 3.) The written notice informed Plaintiff that "as a result of the Judge's ruling your document has <u>not been filed with our Court and a copy is being returned to you at this time</u>." (Id.) (emphasis added). Furthermore, Plaintiff's interpretation of the alleged Clerk's office comments rests upon the assumption that administrative staff of the Court were providing Plaintiff with detailed legal analysis and advice about her case. However, the "clerk of court is neither obligated nor authorized to provide legal advice to pro se litigants." <u>Roosevelt Land, L.P. v. Childress</u>, 2006 U.S. Dist. LEXIS 45320 (D.D.C. 2006). In the face of the Court's explicit written notice to Plaintiff that her Complaint was not yet filed, Plaintiff should not be entitled to equitable relief based on any alleged statements by members of the Clerk's staff.

Even if Plaintiff's assertions are true, Plaintiff's alleged confusion about the consequence of filing her Complaint after the statute of limitations was not induced by misleading statements by the Clerk's office staff. At most, Plaintiff appears to have made an overbroad inference in response to generic information she requested and was given by the Clerk's Office. Such circumstances do not warrant the Court granting the extraordinary remedy of tolling the statute of limitations.

### III. CONCLUSION

Plaintiff failed to file her Complaint within the requisite statute of limitations. Her Opposition did not identify adequate equitable or legal grounds to excuse her late filing. Accordingly, her claims should be dismissed under Fed. R. Civ. P. 12(b)(6).

Respectfully submitted,

    /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

    /s/
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895
Attorneys for Defendants

Of Counsel:
R. Brian Bohlen
U.S. Army Litigation Division

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _____, I served a copy of the foregoing Motion to Dismiss and supporting Memorandum of Law, by first class mail, postage pre-paid, on the following:

**SUDAD KUNAISH**
**2361 Hunters Square Ct.**
**Reston, Virginia  29191**

\_\_\_\_/s/_____
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895